A06A0187. WHITTAKER v. THE STATE.
A06A0189. GREEN v. THE STATE.
A06A0405. SMITH v. THE STATE.
(630 SE2d 560)

ANDREWS, Presiding Judge.

These three cases involve breath tests for driving under the influence (DUI) and hunting under the influence administered in Carroll County. The defendants argue that the trial court erred when it denied their motions in limine to exclude the breath test results. We find no error and affirm.

After they were charged with DUI in Carroll County, Patrick Whittaker and Jacklynn Green filed motions in limine to exclude results generated by the county's Intoxilyzer 5000 breath test machines. The trial court denied each of the motions. Whittaker was found guilty under OCGA § 40-6-391 (k) (1) of driving with an alcohol concentration of 0.02 grams or more, and Green was found guilty under OCGA § 40-6-391 (a) (1) and (a) (5) of less-safe DUI and driving with an alcohol concentration of 0.08 grams or more. After David Smith was charged under OCGA § 27-3-7 with hunting under the

influence, he too filed a motion in limine to exclude his own Intoxilyzer results. The trial court denied his motion and granted a certificate of immediate review, and Smith applied for discretionary review, which this Court granted. We then granted the State's motion to consolidate the three cases.

On appeal, Whittaker and Smith argue that the Intoxilyzer used in their tests was not in good working order. All three defendants argue that the trial court erred in denying the motions in limine because the breath tests were not conducted in accordance with Georgia Bureau of Investigation (GBI) regulations and because the tests denied them due process of law.

1. Whittaker and Smith first argue that the evidence did not support the trial court's finding that the machine was in good working order as required by OCGA §§ 40-6-392 (a) (1) (A) and 27-3-7 (d) (1). Specifically, they assert that since the machines' breath volume measuring devices may have been disengaged, the State has not carried its statutory burden of showing that the machines were operated "with all [their] electronic and operating components prescribed by [the] manufacturer properly attached and in good working order." See OCGA §§ 40-6-392 (a) (1) (A); 27-3-7 (d) (1). We disagree.

Both relevant statutes provide that breath tests

> shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose.

OCGA §§ 40-6-392 (a) (1) (A); 27-3-7 (d) (1). "[T]he fact that a testing procedure has some margin for error or may give an erroneous result under certain circumstances relates to the weight, rather than the admissibility, of the test results." *Gutierrez v. State*, 228 Ga. App. 458, 459 (1) (491 SE2d 898) (1997).

Here, James Panter, a forensic chemist with the GBI and the person responsible for procuring and testing the machines, testified that although a prototype of the machine had measured breath volume, he had made the decision not to include that function on Georgia machines because printouts presenting volumes for every breath sample were confusing to read. Officers in all three cases testified that the breath test machines were functioning properly, had been periodically inspected, and that no pieces or components were missing. The defendants' efforts to obtain a reversal on the basis of Panter's testimony alone are of no avail here, where the evidence

sufficed to support the trial court's judgment that the machines complied with statutory requirements. *Gutierrez*, supra at 459-460 (1) (affirming denial of motion to suppress where officers testified to good working condition of breath test machine); see also *Banks v. State*, 235 Ga. App. 701, 703-705 (509 SE2d 63) (1998) (affirming denial of motion to suppress where some evidence was presented that machine was in good working order).

2. All three defendants also argue that the trial court erred in denying the motion in limine because their tests were not conducted in accordance with the GBI's "approved methods" for the machine. Again, we disagree.

OCGA §§ 40-6-392 (a) (1) (A) and 27-3-7 (d) (1) provide that

> [t]he Division of Forensic Sciences of the Georgia Bureau of Investigation shall approve satisfactory techniques or methods to ascertain the qualifications and competence of individuals to conduct analyses and to issue permits, along with requirements for properly operating and maintaining any testing instruments, and to issue certificates certifying that instruments have met those requirements. . . .

The State may prove compliance with these statutes' "approved methods" requirement by means of the oral testimony of the individual who conducted the test. *Scara v. State*, 259 Ga. App. 510, 512 (577 SE2d 796) (2003). Moreover, "[t]he admissibility of a breath test does not depend on exact compliance with the DFS regulations. Test results are admissible if the State shows substantial compliance with those rules." (Citation omitted.) *Dougherty v. State*, 259 Ga. App. 618, 620 (1) (b) (578 SE2d 256) (2003).

Here again, officers testified that they performed all required tests on the machines and that they prepared the instruments in accordance with their training. This evidence was sufficient to show substantial compliance with DFS procedures. *Dougherty*, supra at 620 (1) (b). The trial court did not err when it denied the motions in limine on this ground.

3. Finally, all three defendants argue that since the machines register a series of increasing blood alcohol concentration readings as a person continues to blow into the machine, a final result is not an average reading, and that the failure to present an entire series of readings to the factfinder denied them due process of law. Again, we disagree.

The record in these cases included expert testimony that as a person continues to blow into the Intoxilyzer, the breath alcohol content tends to approach that of arterial blood, but will at no time *exceed* the person's blood alcohol level. Once again, the defendants'

arguments go to the weight of the evidence, which was for the trial court to determine. *Bagwell v. State*, 248 Ga. App. 806, 809 (547 SE2d 377) (2001); *Gutierrez*, supra at 459 (1). The trial court did not err when it denied the defendants' motions in limine on this ground.

*Judgments affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 12, 2006 —
RECONSIDERATIONS DENIED MAY 2, 2006 ▬ 

*Allen M. Trapp, Jr.*, for appellants.
*Stephen J. Tuggle, Solicitor-General*, for appellee.